# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMMAD SIDDIQUI & | § | |
| KHALIDA SIDDIQUI, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-10-4794 |
| | § | |
| NATIONWIDE PROPERTY &, | § | |
| CASUALTY INSURANCE CO., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This Hurricane Ike insurance dispute is before the Court on Defendant's Motion for Partial Dismissal [Doc. # 3], to which Plaintiffs have filed a Response [Doc. # 6]. Defendant neither filed a reply nor requested additional time to do so. Having considered the full record and the applicable legal authorities, the Court **grants** the Motion for Partial Dismissal.

This insurance dispute arises from the alleged nonpayment of benefits after a claim for hurricane damage. Plaintiffs have sued their insurer, Nationwide Property & Casualty Insurance Company ("Nationwide"), asserting claims for breach of contract, non-compliance with the unfair settlement practices and prompt payment provisions of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act ("DPTA"), breach of the duty of good faith and fair dealing, and

common law fraud. Nationwide removed this action to this Court based on diversity jurisdiction.

Nationwide filed the pending motion, seeking to dismiss only Plaintiffs' extracontractual claims under Rules 8 and 9 of the Federal Rules of Civil Procedure. In its Motion, Nationwide insists that Plaintiffs "rest [their] causes of action on factual allegations that are pleaded in only the most vague generalities and formulaic recitations of statutory language."[1] Nationwide contends that "Plaintiffs' allegations are precisely the sort of '[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements' that 'do not suffice' under the federal rules."[2] Nationwide further argues that Plaintiffs' fraud allegations "come nowhere close to the particularity required for such claims under Rule 9(b)."[3] Plaintiffs have filed a Response in opposition and request leave to amend their complaint should this Court determine that their claims have not been pleaded in accordance with applicable rules. This motion is now ripe for decision.

The sufficiency of a plaintiff's pleading under Rule 8 may be challenged pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See, e.g.*

---

[1] Defendant's Motion for Partial Dismissal [Doc. # 3], at 1.

[2] *Id.*

[3] *Id.*

*Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, No. 05-30976, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004) ("[T]he form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested by a motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6) . . . ."). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1927, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The extracontractual causes of action are sparsely pleaded. In the "Facts"

section of their Petition, Plaintiffs merely allege that (1) they owned property insured by Nationwide that was damaged by Hurricane Ike; (2) Plaintiffs made a claim for payment on Nationwide; (3) Nationwide failed to comply with Texas law in handling Plaintiffs' claim, and (4) Nationwide refused to pay all amounts due under the policy for Plaintiffs' claim.[4]  In alleging their extracontractual causes of action, Plaintiffs essentially repeat the statutory language of sections 541 and 542 of the Texas Insurance Code and the DPTA, allege a breach of the duty of good faith and fair dealing, and allege common law fraud.  Such conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure.[5]  *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.");

---

[4]  *See* Plaintiffs' Original Petition [Doc. # 1-4], ¶¶ 8-12.

[5]  For these reasons, Plaintiffs' complaint also does not meet the heightened pleading standard under Rule 9(b) where applicable.

*see also United States ex rel. Adrian v. Regents of the Univ. Of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  In their Response, Plaintiffs acknowledge that they are unable to plead their unfair settlement practices claim with more specificity at this time because Nationwide has not yet produced its claim file.  However, Plaintiffs request leave to amend their complaint should the Court determine that Defendant's Motion to Dismiss has merit.  The Court concludes that Plaintiffs should be given an opportunity to amend their complaint by **March 22, 2011**.  Plaintiffs may not plead a claim for which they have no good faith factual basis.  *See* FED. R. CIV. P. 11(b).  Plaintiffs will also be permitted to amend their complaint further by a date to be set by the Court at the initial pretrial conference, which deadline will be after initial disclosures and some discovery.  Accordingly, it is hereby

**ORDERED** that the Motion for Partial Dismissal [Doc. # 3] is **granted**.  The extracontractual claims are dismissed, with leave to amend, no later than **March 22, 2011**.

SIGNED at Houston, Texas, this **21st** day of **February, 2011**.

_____
Nancy F. Atlas
United States District Judge